UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Suzanne WHITLOCK

Plaintiff,

v.

PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY,

Defendant.

Case No.: 25-cv-0964-AGS-VET

**ORDER DENYING DEFENSE'S MOTION TO STRIKE OPPOSITION (ECF 36), GRANTING MOTION TO STRIKE ANNOTATIONS (ECF 33), AND DENYING REQUEST FOR JUDICIAL NOTICE (ECF 31)**

Self-represented plaintiff Suzanne Whitlock is suing Provident Life and Accident Insurance Company for previously denied benefits. In connection with cross-motions for judgment, the defense filed two motions to strike and a request for judicial notice.

**MOTIONS TO STRIKE**

The defense brings two motions to strike aspects of Whitlock's filings. Initially, Provident moves to strike Whitlock's response to its motion for judgment, as Whitlock's opposition was filed after the deadline. (ECF 36.) Though plaintiff must adhere to Court deadlines and procedure, the Court does not find it appropriate to strike her entire opposition. Plaintiff asserts that "[a]s soon as [she] recognized the filing issue, [she] sought to correct it and did so within days." (ECF 37, at 6.) "While *pro se* litigants are not excused from following court rules," "'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381–82 (9th Cir. 1997) (cleaned up). Because the calculation "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," *id.* at 382, defendant's motion to strike the opposition briefing is denied.

The leniency shown to pro se litigants, though, has its limits. Provident also moves to strike plaintiff's annotations and argument within the exhibits attached to her motion for judgment. (*See generally* ECF 33.) Though the Court liberally construes pleadings by self-

represented plaintiffs, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012). The parties had a 25-page limit for briefing, but the Court increased that limit to 30 pages for this proceeding. (*See* ECF 16, at 3; ECF 27; ECF 28.) Although such a page limitation excludes "attached or lodged materials," "any *arguments* . . . should be included in the main body of the memorandum and not in attachments or exhibits." *Ryan v. Zemanian*, No. 11-cv-2054-LAB NLS, 2012 WL 5838924, at *2 (S.D. Cal. Nov. 16, 2012) (emphasis added). Yet plaintiff's arguments and observations are scattered across hundreds of pages, including the 30-page main brief and the 200-plus pages of attached exhibits. (*See generally* ECF 29; ECF 29-1.) So, the motion to strike her extra-briefing commentary is granted. The annotations Whitlock inserted into those exhibits are considered stricken, and the Court will not rely on them in ruling on the pending cross-motions for judgment. Otherwise, the Court accepts Whitlock's exhibits. In the proceedings for judgment under Rule 52 of the Federal Rules of Civil Procedure, the Court will consider that evidence without reference to the improper annotations and commentary.

## REQUEST FOR JUDICIAL NOTICE

Provident's request for judicial notice of Lockton's Form 5500 and Welfare Benefit Plan is denied. Those documents are incorporated by reference and are part of the record, but these are not "facts" appropriate for judicial notice. *See* Fed. R. Evid. 201(b); *see also Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997) ("[T]he kinds of things about which courts ordinarily take judicial notice are (1) scientific facts"; (2) "matters of geography"; or (3) "matters of political history"); *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (partly reversing a dismissal order because the trial judge improperly "took judicial notice of *disputed* facts stated in public records").

## CONCLUSION

The Court orders as follows:

1. Defendant's motion to strike plaintiff's opposition brief is **DENIED**.

2. Defendant's motion to strike annotations is **GRANTED**. Those annotations are considered stricken, but the exhibits themselves will remain on the docket.

3. Defendant's request for judicial notice is **DENIED**.

Dated: September 29, 2026

Hon. Andrew G. Schopler
United States District Judge